UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> RAMON SILVELO-MILES, ) <br> ) <br> Defendant. ) <br> ) | Criminal No. <br> 22-10107-FDS-1 |

## ORDER ON MOTION TO SUPPRESS

**SAYLOR, C.J.**

The motion to suppress of defendant Ramon Silvelo-Miles (Docket No. 53) is DENIED.

The Court concludes (1) that the initial vehicle stop, exit order, and field-sobriety tests were lawful under the circumstances; (2) that the subsequent roadside search of the car by Trooper Hopkins does not qualify as a permissible search incident to arrest, either as a matter of officer safety or evidence preservation, *see Arizona v. Gant*, 556 U.S. 332, 339 (2009); (3) that the vehicle search does not qualify as a permissible search under the "automobile exception," *see United States v. Polanco*, 634 F.3d 39, 42 (1st Cir. 2011); and (4) that the vehicle search does not qualify as a permissible inventory search, *see Boudreau v. Lussier*, 901 F.3d 65, 73 (1st Cir. 2018).

Nonetheless, the Court concludes that the fruits of the search need not be suppressed based on the "inevitable discovery" doctrine, *see United States v. Zapata*, 18 F.3d 971, 978 (1st Cir. 1994). The Court finds (1) that there was probable cause to arrest defendant for driving while intoxicated in the absence of the challenged evidence; (2) that it is inevitable that defendant would in fact have been arrested, even if law enforcement had not first discovered the

challenged evidence; (3) that it is inevitable that after the arrest, the vehicle would have been impounded and towed; (4) that it is inevitable that an inventory search would have been conducted after impoundment and towing; and (5) that it is inevitable that the challenged evidence would have been discovered during such an inventory search.

The Court further concludes that suppression of the statements defendant made in the police cruiser is not required, as he had no reasonable expectation of privacy while in the cruiser, and that the forensic search of his iPhone was constitutional.

The Court will set forth its specific findings of fact and conclusions of law on the record at the status conference scheduled for June 6, 2023.

**So Ordered.**

Dated: May 19, 2023

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court